IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES MESHACH LOMAX, #280316      *
      Plaintiff,
  v.                              *   CIVIL ACTION NO. DKC-12-1560

WARDEN BOBBY SHEARIN      *
MARY HUEBNER (LIBRARIAN)
COMMISSIONER OF CORRECTION  J.      *
  MICHAEL STOUFFER
      Defendants.      *
                               ***

### MEMORANDUM OPINION

On May 24, 2012, James Lomax ("Lomax"), an inmate housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a Complaint claiming that his right to access library materials was being denied. He relates that prior to his two-month transfer out of the Maryland Division of Correction in 2010, he requested and received two books from the NBCI library and those books were left at NBCI. He complains that when he returned to NBCI the librarian informed him that the two books were overdue and were to be returned or his library privileges would be "restricted." (ECF No. 1). Lomax contends that one book was located and returned to the library. He complains that his requests for legal materials were subsequently denied by the librarian on three separate occasions because he failed to return or to pay for the missing library book. He further alleges that his due process rights have been violated because he was not charged with a rule violation for the overdue book. Lomax claims that his access to legal research materials impinges on his ability to challenge his conviction in a post-conviction petition. He seeks injunctive relief, along with compensatory and punitive damages.

Defendants Shearin and Stouffer have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Lomax has filed an Opposition response.[1] (ECF Nos. 15 & 17). The issue has been examined and may be determined on the papers. No hearing is necessary. Local

---

[1]     Service of process was not effected on Defendant Huebner, the NBCI librarian.

Rule 105.6 (D. Md. 2011). For the following reasons the court will grant Defendants Shearin and Stouffer's dispositive motion, treated as a motion for summary judgment, and the claim against the librarian will be dismissed without prejudice.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir . 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 47 U.S. 242 (1986).

Prisoners are entitled to "a reasonable or adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). However, a denial of an inmate's right of access to the courts is actionable only when he is able to demonstrate actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). The Constitution does not guarantee inmates the ability to litigate every imaginable claim; it only requires that they be given the necessary tools "to attack their sentences, directly or collaterally, and … to challenge the conditions of their confinement." *Id*. at 355. Prison officials may place reasonable restrictions on inmates' use of facility law libraries, as long as those restrictions do not interfere with inmates' access to the courts. *See, e.g.*, *Shango v. Jurich,* 965 F.2d 289, 293 (7th Cir. 1992).

Defendants argue that on March 11, 2010, Lomax checked out the book "The Takedown" from the NBCI library, to be returned in approximately two weeks. He signed a borrower's agreement to assume responsibility for borrowed library items. (ECF No. 15 at Exs. 1, 2 & 4). It is not refuted that Lomax failed to return the book, which could result in a suspension of library

borrowing privileges pursuant to Division of Correction policy. (*Id*. at Ex 3). Lomax was informed that he must return the book or pay for the novel to reinstate his library privileges. (*Id.* at Ex. 4). He filed an administrative remedy procedure ("ARP") grievance regarding his library access and was provided with an additional copy of the pay voucher to fill out to clear his record and reinstate the library privileges. (*Id*.). According to Defendants, Lomax apparently attempted to reuse the library on January 23, 2012, and refused to sign the library's borrower's agreement form as is required before being issued library material. (*Id*. at Ex. 5). Defendants state that the law library is available to Lomax, but his inability to access the library is due to his own "decision making" in that he first refused to pay for the missing book and then later refused to sign the borrower's agreement form.

In his Opposition, Lomax reiterates his claims regarding his borrowing of two books from the NBCI library, the failure to return one of the two books, and the comment of the librarian regarding the restriction imposed on his library privileges should he fail to return the book. (ECF No. 17). He contends that the librarian denied his request for legal materials (prison directives, state rules of criminal procedure, and civil and criminal case law) on October 3, 2011, and informed him that only if he returned or paid for the novel would she process his request for legal materials. Lomax asserts that on October 16 and 30, 2011, he requested "legal material to research my criminal cases" and the librarian denied his requests both times. He claims that Defendants can only deny him "leisure" materials, not access to the law library and that he cannot file a meaningful appeal from his convictions or challenge his convictions in a post-conviction proceeding without access to the law library. (*Id*.). Lomax again takes issue with the failure to file a timely disciplinary action regarding the overdue book.

There is no dispute that Lomax, a frequent litigator in this court, failed to return a book to the NBCI library and to submit a refund pay voucher and NBCI authorities have outright denied him the

3

ability to access materials, both leisure and legal, due to this failure.[2] Nonetheless, Lomax has failed to show a real injury from the inability to access the legal materials. He provides no particulars regarding what convictions he is appealing or in what convictions he is attempting to file post-conviction petitions,[3] nor does he indicate whether he is or will be represented by counsel (private or court-appointed) in those proceedings. Further, he has not specifically indicated how his inability to gain access to the Maryland Rules of Criminal Procedure and criminal case law has impaired his access to the courts.[4] In sum, he has failed to show how limited access to a law library prevents him from filing a state court criminal appeal or post-conviction petition. Further, there is no showing that either Warden Shearin or Commissioner Stouffer were personally involved in Lomax's access to the library and Lomax has provided no evidence demonstrating supervisory liability on the part of the Warden or Commissioner. *See also Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990).

A separate Order will be entered granting Defendants Shearin and Stouffer's motion for summary judgment and dismissing the Complaint against Defendant Huebner without prejudice.[5]

Date: December 4, 2012      /s/
                            DEBORAH K. CHASANOW
                            United States District Judge

---

[2] The breadth of the library restriction need not be addressed as explained below.

[3] The docket in this court shows that in 1998, Lomax was convicted and sentenced to a cumulative twenty-year sentence on one count of resisting arrest and several drug counts. *See Lomax v. Smith, et al.*, Civil Action No. DKC-03-1267 (D. Md.). He filed an appeal, which was denied in 1999. In addition, he filed an original and several supplemental post-conviction petitions which were denied. *Id.* It remains unclear if Lomax is now seeking to file an "appeal" or post-conviction petition on those convictions.

[4] To prove the elements of an access-to-courts claim, an inmate must demonstrate that (1) defendant acted with intentional motivation to restrict his access to the courts and (2) the action caused him actual injury by hindering his efforts to pursue a legal claim. *See Lewis*, 518 U.S. at 351; *see also Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006).

[5] Lomax may re-file a Complaint against Defendant Huebner which delineates the omitted information and discusses his injury.